UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IT WORKS MARKETING, INC.,**

    **Plaintiff,**

v.                                                 **Case No.: 8:24-cv-1841-TPB-AAS**

**TAYLOR KAUFMANN,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff It Works Marketing, Inc. moves for entry of a default judgment and to confirm its arbitration award. (Doc. 11). Defendant Taylor Kaufmann does not oppose the motion. (*Id.*, p. 6). For the reasons addressed below, the undersigned **RECOMMENDS** that the plaintiff's motion be **GRANTED.**

**I.**     **BACKGROUND**

Following a three-day final arbitration hearing, an arbitrator entered an award, finding the plaintiff is the prevailing party and awarding the plaintiff injunctive relief and $697,218.48 in damages, attorney's fees, and costs. (Doc. 1-1, pp. 19-20). On August 5, 2024, the plaintiff filed a complaint requesting that the court confirm the arbitration award and for final judgment. (Doc. 1). The defendant consented to the entry of a final judgment. (*Id.*, p. 14). On October 22, 2024, the court ordered the plaintiff to file a motion for a clerk's default. (Doc. 7). On October 29, 2024, the plaintiff filed an unopposed motion

1

for entry of a clerk's default, which was granted. (*See* Docs. 8, 9, 10). The plaintiff now files this unopposed motion for entry of a default final judgment confirming the arbitration award entered in the underlying arbitration against the defendant for $697,218.48. (Doc. 11).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) allows default judgment entry upon a party's motion. The court may enter default judgment "'against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue.'" *Prince Advance Funding, LLC v. Lizzano Auto. Grp., LLC*, No. 23-60026-CIV, 2023 WL 6609326, at *1 (S.D. Fla. Sept. 28, 2023), report and recommendation adopted, No. 23-CV-60026, 2023 WL 6585248 (S.D. Fla. Oct. 10, 2023) (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys.*, Inc., 803 F.2d 1130, 1134 (11th Cir. 1986)). Entry of default judgment is warranted where there is a sufficient basis in the pleadings for the judgment to be entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "The standard for entry of default judgment is 'akin to that necessary to survive a motion to dismiss for failure to state a claim . . . [so] a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.'" *Substation Enters., Inc. v. Sayers Constr.*, LLC, No. 6:21-CV-1634-DCI, 2023 WL 23101, at *1 (M.D. Fla. Jan. 3, 2023) (quoting *Surtain*, 789 F.3d at 1245).

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" as outlined in the operative complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). If the plaintiff's claims are for a sum made certain by affidavit, the Clerk of Court "must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1). "With regard to the measure of damages, the allegations contained in the complaint are not considered admissions by virtue of the default; [rather], the Court determines the amount and character of damages to be awarded." *Tracfone Wireless, Inc. v. Anadisk, LLC*, 685 F. Supp. 2d 1304, 1310 (S.D. Fla. 2010).

The court may enter a default judgment awarding damages without a hearing where "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1986) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979)). In the context of a default judgment based on an arbitration award, no hearing is necessary where the arbitration award includes a fixed damages *amount. See Diamond Resorts U.S. Collection Development, LLC v. Gutierrez*, No: 6:16-cv-1695-Orl-41DCI, 2017 WL 6939208, at *3 (M.D. Fla. Dec. 8, 2017) (recommending confirmation of arbitration award and entry of default judgment without hearing, finding that "there is no need to conduct an evidentiary hearing on damages because the amounts awarded by the arbitrator . . . are liquidated, as reflected in the

3

Award."); *see also Pott v. World Cap. Properties, Ltd.*, No. 21-23942-CIV-LENARD, 2021 WL 9204019, at *4 (S.D. Fla. Dec. 30, 2021) (granting motion for entry of default final judgment and determining damages based on arbitration award); *Landstar Ligon, Inc. v. NTL Agency, Inc.*, No. 3:11-cv-657-J-32TEM, 2012 WL 13136839, at *3 (M.D. Fla. July 20, 2012) (same).

### III. ANALYSIS

The plaintiff requests confirmation of the arbitration award and a final judgment conforming with the provisions of the award under the Federal Arbitration Act (FAA). As part of the FAA, "'9 U.S.C. § 9 provides, in relevant part, that any party to arbitration may apply to the court for an order confirming an arbitration award within one year after the award is made." *Wachovia Sec., LLC v. Fink*, No. 07-80575, 2007 WL 9747559, at *2 (S.D. Fla. Nov. 14, 2007), report and recommendation adopted sub nom., *Wachovia Sec., LLC v. Fink*, No. 07-80575, 2008 WL 11468218 (S.D. Fla. Jan. 9, 2008). "The court must confirm the award unless the award is vacated, modified, or corrected under Sections 10 or 11." *Id.* (citing 9 U.S.C. § 9). "Under 9 U.S.C. § 12, [the defendant] ha[s] three months from the [date of the] Arbitration Award in which to file a motion to vacate, modify, or correct the award." *Id.*

The threshold requirements to confirm the arbitration award have been met. The arbitration award was issued on July 16, 2024. (Doc. 1-1). The plaintiff filed this action on August 5, 2024, within the one-year requirement.

4

There have been no attempts to vacate, modify, or correct the award, and the time to do so has passed.

"Once the initial requirements of 9 U.S.C. § 9 are met, venue and jurisdiction must be examined." *Id.* (citing *Webusenet, Inc. v. Ringdahl*, No. 05-80063, 2006 WL 8445640, at *2 (S.D. Fla. June 6, 2006), report and recommendation adopted in part, No. 05-80063, 2006 WL 8445639 (S.D. Fla. Aug. 24, 2006)). The plaintiff is a Florida corporation with its principal place of business in Palmetto, Florida, and the defendant resides in South Carolina. (Doc. 1-4, p. 6; Doc. 1-5). The arbitration award is $311,652.00 in compensatory damages exclusive of interest and costs—over the $75,000.00 jurisdictional amount. (Doc. 1-1, p. 19). As a result, the court has subject matter jurisdiction over this proceeding based on diversity. 28 U.S.C. § 1332(a). The proceeding is also properly brought here as the parties' agreement provides that the venue is proper in Manatee County, which is within the Tampa Division of the Middle District of Florida.

"'[J]udicial review of arbitration awards under the FAA is very limited.'" *Prince Advance Funding*, 2023 WL 6609326, at *3 (quoting *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 778 (11th Cir. 1993)). The only bases for vacating an award are:

> (1) where the award was procured by corruption, fraud, or undue means;

5

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[1]

The plaintiff has attached an affidavit to the motion. (Doc. 11-1). Although the arbitration award came by default, there is no evidence that any basis for vacating the award applies. *See Prince Advance Funding*, 2023 WL 6609326 (recommending entry of default judgment and confirmation of award obtained through default). This motion is also unopposed. Therefore, the plaintiff's motion should be granted.

## IV.    CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the plaintiff's motion for default judgment and to confirm arbitration award

---

[1] The Eleventh Circuit has also provided that the award can be vacated on two non-statutory bases: "(1) where the award is arbitrary and capricious; or (2) where enforcement of the award would be contrary to public policy." *Bridgepoint Ventures, LLC v. Panam Mgmt. Grp., Inc.*, No. 10-60330-MC-JORDAN, 2010 WL 11506485, at *1 (S.D. Fla. Dec. 10, 2010) aff'd, 459 F. App'x 871 (11th Cir. 2012). Neither of those bases applies to this arbitration award.

(Doc. 11) be **GRANTED** and to enter a final judgment against the defendant for **$697,218.48**.

**ENTERED** in Tampa, Florida, January 3, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.